**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

**UNITED STATES OF AMERICA**

v.  **CRIMINAL ACTION NO. 2:16-CR-7-KS-MTP**

**CHARLES BOLTON and
LINDA BOLTON**

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on the Motion *in Limine* for Summary Evidence [47], Motion *in Limine* to Exclude Good Deeds [48], and Motion *in Limine* to Exclude Defense Argument [49] filed by the government, and the Motion *in Limine* [50] filed by Defendant Charles Bolton. After considering the submissions of the parties, the record, and the applicable law, the Court finds the following:

1. the Motion *in Limine* for Summary Evidence [47] should be deferred;

2. the Motion *in Limine* to Exclude Good Deeds [48] should be deferred;

3. the Motion *in Limine* to Exclude Defense Argument [49] should be granted in part and denied in part; and

4. the Defendant Charles Bolton's Motion *in Limine* [50] should be granted in part and denied in part.

**I.  DISCUSSION**

**A.  Motion *in Limine* for Summary Evidence [47]**

In its Motion *in Limine* for Summary Evidence [47], the government requests that the Court admit certain summary exhibits and supporting testimony pursuant to Federal Rule of Evidence 1006, which provides:

> The proponent may use a summary, chart, or calculation to prove the content of voluminous writings, recordings, or photographs that cannot be conveniently examined in court. The proponent must make the originals or duplicates available for examination or copying, or both, by other parties at a reasonable time and place. And the court may order the proponent to produce them in court.

Defendants have no issue with summary exhibits being admitted pursuant to F.R.E. 1006; however, they argue that the government has yet to produce the charts it intends to use and all of the evidence underlying these charts. Because of this representation, the Court will **defer** ruling on the government's motion until parties agree that the charts and the underlying evidence have been made available to the Defendants.

   **B.**  **Motion *in Limine* to Exclude Good Deeds [48]**

The government argues in its Motion *in Limine* to Exclude Good Deeds [48] that Defendants may not introduce evidence of any past good deeds and law-abidingness, nor may they refer to the potential sentences which may be imposed on them in order to garner sympathy. Defendants agree that no reference should be made to their potential sentences, and only argue that some instances of their prior acts may be admissible.

The government's argument is under Federal Rule of Evidence 404, which states, in relevant part:

   (a)  Character Evidence.

     (1)  Prohibited Uses. Evidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character trait.

     (2)  Exceptions for a Defendant or Victim in a Criminal Case. The following exceptions apply in a criminal case:

       (A)  a defendant may offer evidence of the defendant pertinent trait, and if the evidence is admitted, the prosecutor may offer evidence to rebut it . . . .

2

>   (b)   Crimes, Wrongs, or Other Acts.
>
>   (1)   Prohibited Uses. Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.
>
>   (2)   Permitted Uses; Notice in a Criminal Case. The evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident . . . .

The government argues that prior good deeds by the Defendants cannot be admitted to show that they are law-abiding and acted in accordance with this character trait. Defendants agree, but counter that they should be able to present such acts in so far as they tend to negate the willfulness element of the charges against them. Both the government and the Defendants are correct, but without the specific acts and the purpose for their introduction before the Court, a ruling cannot be made as to their admissibility. The Court will therefore **defer** ruling on this motion until the specific prior acts and their purpose for admission are identified.

### C.   Motion *in Limine* to Exclude Defense Argument [49]

In its Motion *in Limine* to Exclude Defense Argument [49], the government requests that the Court exclude any argument by the Defendants that John W. Lee ("Lee") must testify at trial so that they can have an opportunity to cross-examine him, that they are prejudiced by the failure to call him as a witness, or that this failure indicates the government is hiding something or that its case is weak. Lee, the government argues, intends to invoke the Fifth Amendment and will therefore be unavailable. As a result, the government intends to admit business records and tax returns in lieu of his testimony, pursuant to Federal Rule of Evidence 803. The government has not identified these business records or tax returns and does not ask the Court for a ruling as to their admissibility in

their motion. They ask only that the Court preclude the Defendants from commenting on their failure to call Lee and from raising a Confrontational Clause issue as to these records and returns.

Defendants counter this motion by arguing that Lee's invocation of the Fifth Amendment must be supported by a factual basis in order for him to be unavailable as a witness and that these business records and tax returns are inadmissible.

First, the Court would note that any business records or tax returns would be offered under F.R.E. 803, under which the availability of the declarant is irrelevant. As such, whether Lee can properly invoke the Fifth Amendment to avoid testifying at trial is not an issue. Second, the Court knows of no case law that would prevent either the government or the Defendants from commenting on the opposing side's failure to call Lee as a witness or on his invocation of the Fifth Amendment.[1] The government's motion should therefore be **denied** as to this request.

As for Defendants' ability to argue that the Confrontation Clause applies to the business record and tax returns, those arguments go towards the admissibility of the evidence. When that admissibility is put before the Court for a ruling, Defendants will be able to put forth whatever arguments they wish against admissibility, as long as those arguments are made in good faith.[2]

---

[1] The government, of course, cannot comment on Defendants' choice under the Fifth Amendment not to testify, *see Griffin v. California*, 380 U.S. 609, 615, 85 S. Ct. 1229 (1965), but the Court is not aware of any case law that would disallow either side from commenting on such an invocation from a non-party in the case.

[2] Both the government and Defendants should be aware that the Fifth Circuit applies the primary purpose test articulated in *Davis v. Washington*, 547 U.S. 813, 126 S. Ct. 2266, 165 L.Ed.2d 224 (2006), when determining whether a hearsay statement is testimonial in nature and thereby excluded by the Confrontation Clause. "Under this test, a statement is testimonial if its 'primary purpose . . . is to establish or prove past events potentially relevant to later criminal prosecution.'" *United States v. Duron-Caldera*, 737 F.3d 988, 992-93 (5th Cir. 2013) (quoting *Davis*, 547 U.S. at 822, 126 S. Ct. 2266) (alteration in original). Furthermore, "the government bears the burden of defeating [a] properly raised Confrontation Clause objection by establishing its evidence is nontestimonial." *Id.* at 993 (quoting *United States v. Jackson*, 636 F.3d 687, 995

However, as these arguments are necessarily legal arguments as to the admissibility of the evidence, they are not arguments which should be placed before the jury. The Defendants will therefore be precluded from making such arguments to the jury.

The government's Motion *In Limine* to Exclude Defense Arguments [49] will therefore be **granted in part** and **denied in part**. It will be **granted** in that the Defendants will not be allowed to argue to the jury that they were not given a fair opportunity to cross-examine Lee in violation of their Sixth Amendment rights under the Confrontation Clause. It will be **denied** in that Defendants will be allowed to comment on the fact that Lee did not testify and that he invoked his Fifth Amendment rights. It will also be **denied** in that Defendants will be allowed to argue to the Court that hearsay evidence is not admissible under the Confrontation Clause.

### D.   Defendant Charles Bolton's Motion *in Limine* [50]

In his Motion *in Limine* [50], Defendant Charles Bolton asks the Court to exclude all evidence relating to or touching upon any civil litigation in which he was previously involved, including but not limited to the case previously before this Court styled *Lott v. Forrest County, Mississippi, et al.* Defendant also asks that all evidence relating to the disqualification of his co-defendant Linda Bolton's previous attorneys.

The government has represented in its response that it has no intention of using such evidence in its case-in-chief. However, the government argues that it should be allowed to utilize this evidence if it becomes relevant on cross-examination and for impeachment purposes. The Court agrees and will **grant in part** and **deny in part** Defendant Charles Bolton's Motion *in Limine* [50]. It will be **granted** in that both sides agree that such evidence is irrelevant to the government's case-

---

n.4 (5th Cir. 2011)).

in-chief and should properly be excluded. It will be **denied** in that the government will be allowed to use any evidence related to civil litigation in which Charles Bolton was previously involved and the disqualification of Linda Bolton's attorneys if such evidence becomes relevant on cross-examination and for impeachment purposes.

## II.  CONCLUSION

IT IS THEREFORE ORDERED AND ADJUDGED that the government's Motion *in Limine* for Summary Evidence [47] is **deferred** until parties agree that the charts and the underlying evidence have been made available to the Defendants.

IT IS FURTHER ORDERED AND ADJUDGED that the government's Motion *in Limine* to Exclude Good Deeds [48] is **deferred** until the specific prior acts and their purpose for admission are identified.

IT IS FURTHER ORDERED AND ADJUDGED that the government's Motion *In Limine* to Exclude Defense Arguments [49] is **granted in part** and **denied in part**.

It is **granted** in that the Defendants will not be allowed to argue to the jury that they were not given a fair opportunity to cross-examine Lee in violation of their Sixth Amendment rights under the Confrontation Clause.

It is **denied** in that Defendants will be allowed to comment on the fact that Lee did not testify and that he invoked his Fifth Amendment rights. It is also **denied** in that Defendants will be allowed to argue to the Court that hearsay evidence is not admissible under the Confrontation Clause.

IT IS FURTHER ORDERED AND ADJUDGED that Defendant Charles Bolton's Motion *in Limine* [50] is **granted in part** and **denied in part**.

It is **granted** in that both sides agree that such evidence is irrelevant to the government's case-in-chief and should properly be excluded.

It is **denied** in that the government will be allowed to use any evidence related to civil litigation in which Charles Bolton was previously involved and the disqualification of Linda Bolton's attorneys if such evidence becomes relevant on cross-examination and for impeachment purposes.

SO ORDERED AND ADJUDGED this the 8th day of September, 2016.

*S/ Keith Starrett*
UNITED STATES DISTRICT JUDGE