**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**EASTERN DIVISION**

**UNITED STATES OF AMERICA**

**V.**                                                                   **CRIMINAL ACTION NO. 2:16-CR-7-KS-MTP**

**CHARLES BOLTON and**
**LINDA BOLTON**

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on the Motions for a Judgment of Acquittal or for a New Trial ("Motions for Acquittal") [118][119] filed by Defendants Charles and Linda Bolton. After considering the submissions of the parties, the record, and the applicable law, the Court finds that these motions are not well taken and should be denied.

**I.  BACKGROUND**

On March 22, 2016, a federal grand jury indicted Defendants Charles and Linda Bolton (collectively "Defendants") on five counts of attempted tax evasion for the years 2009-2013 (Counts 1-5) and five counts of filing false tax returns for those same years (Counts 6-10). Trial began on September 13, 2016, and the government rested its case on September 15, 2016, after presenting several witnesses and exhibits. Defense called one witness and rested that same day. After deliberations, the jury returned a verdict of guilty for Charles Bolton on Counts 2-10 and for Linda Bolton on Counts 6-10. Both Defendants were found not guilty as to Count 1. The jury was unable to reach a verdict as to Counts 2-5 with respect to Linda Bolton, and the Court declared a mistrial as to those counts. Sentencing is set for December 19, 2016.

The current Motions for Acquittal [118][119] were filed on September 28, 2016, and September 29, 2016, respectively. In these motions, Defendants request a judgment of acquittal or,

in the alternative, a new trial. The Court has reviewed the submissions of the parties, the record, and the applicable law, and is now ready to rule.

## II.  DISCUSSION

Defendants make their arguments for a judgment of acquittal under Federal Rule of Criminal Procedure 29, and their arguments for a new trial under Federal Rule of Criminal Procedure 33.

### A.  Acquittal Under Rule 29

Federal Rule of Criminal Procedure 29 provides relief where the evidence is insufficient to sustain a conviction. Under a Rule 29 analysis, the Court is directed to

> view all evidence, whether circumstantial or direct, in the light most favorable to the government, with all reasonable inferences and credibility choices to be made in support of the jury's verdict, to determine whether a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.

*United States v. Grant*, 683 F.3d 639, 642 (5th Cir. 2012) (quoting *United States v. Ford*, 558 F.3d 371, 375 (5th Cir. 2009)) (internal quotations omitted). The Court is not to re-weigh the evidence or evaluate the credibility of witnesses, as that remains within the sole purview of the jury. *Id.* (citing *United States v. Loe*, 262 F.3d 427, 432 (5th Cir. 2001)). "The evidence need not exclude every reasonable hypothesis of innocence or be wholly inconsistent with every conclusion except that of guilt, in order to be sufficient. *Id.* (quoting *United States v. Moreno*, 185 F.3d 465, 471 (5th Cir. 1999)) (internal quotations omitted). Under this analysis, the Court examines only those counts on which the jury returned a conviction. *See United States v. Michel*, 588 F.2d 986, 997 (5th Cir. 1979) (citing *United States v. Fuiman*, 546 F.2d 1155, 1157-58 (5th Cir. 1977) ("Where a multi-count verdict appears inconsistent, the appellate inquiry is limited to a determination whether the evidence is legally sufficient to support the counts on which a conviction is returned. What the jury did with the remaining counts is immaterial.").

### 1. John Lee Checks

Defendants argue that there was insufficient evidence to find that the John Lee checks were given to them as payment for goods and services. Both admit, however, that Special Agent Bradley Luker offered testimony that John Lee told him that the checks were for goods and services.[1] Though Defendants call this testimony "unreliable," the weight and credibility of Agent Luker's testimony is a question for the jury to resolve, and the Court cannot overturn its determination. *See Grant*, 683 F.3d at 642 (citing *Loe*, 262 F.3d at 432). Furthermore, the John Lee checks were not the only checks presented as unreported income. The government produced other checks, such as checks from Manheim and the Mississippi National Guard, which were made out to the Defendants' businesses in payment for goods and services, which should have been reported as income and which were not.[2] Because the government would have been able to meet its burden even if the John Lee checks were excluded from evidence entirely, these checks cannot be the basis for a judgment of acquittal under Rule 29.

### 2. Charles Bolton

Defendant Charles Bolton argues that because it was Linda Bolton who actually represented that the unreported income was "loans" to their accountant, there is no evidence linking him to the

---

[1] Though hearsay evidence, Defendants offered no objection to this testimony at trial.

[2] Defendants argue that this evidence is insufficient as identical evidence was used to support counts on which the jury acquitted or was unable to reach a verdict. Even if this evidence *were* identical, which it is not as the dates differ among the counts, and even if the jury did find that this evidence was not enough to support a conviction, which makes an impermissible assumption as to the element on which the jury acquitted or were hung, the Court's analysis is limited to the counts on which a conviction was returned. *See Michel*, 588 F.2d at 997 (citing *Fuiman*, 546 F.2d at 1157-58) ("Where a multi-count verdict appears inconsistent, the appellate inquiry is limited to a determination whether the evidence is legally sufficient to support the counts on which a conviction is returned. What the jury did with the remaining counts is immaterial.").

false statements made on the tax returns or the unreported income. His argument mostly stems from the fact that the jury was not able to reach a verdict on Counts 2-5 with respect to Linda Bolton. However, as the Court has pointed out, its review of the verdict is limited *only* to those counts were a conviction was actually attained. *See Michel*, 588 F.2d at 997 (citing *Fuiman*, 546 F.2d at 1157-58). The argument Charles Bolton now attempts to make is essentially an innocent spouse argument under 26 U.S.C. § 66(c), which is an affirmative defense that was not offered at trial. Even if it had been, it would have been rejected as Charles Bolton does not meet the requirements of the defense because the Defendants filed joint tax returns for each of the years in question and because Charles Bolton knew of the income in dispute. *See* 26 U.S.C. § 66(c); *see also Park v. Comm'r of Internal Revenue*, 25 F.3d 1289, 1293 (5th Cir. 1994) (stating that there is a "duty of inquiry" on the part of the alleged innocent spouse). A judgment of acquittal is therefore not warranted under this argument.

### 3. Knowledge

Defendant Linda Bolton argues that the government presented no evidence that she knew that she could not claim payments for goods and services as loans or capital contributions. While the Court agrees that tax law is undeniably complicated, the government did not have to prove that Linda Bolton knew the law as it pertained to what loans or capital contributions could be excluded from income—it merely had to prove that Linda Bolton knew that the monies she received were *not* loans or capital contributions and *were* for goods and services, making them taxable income. The jury found that the government met this burden. Multiple witnesses at trial testified that certain checks, claimed as loans, were written in exchange for food, liquor, and catering services. It is a reasonable inference that both Defendants, as co-owners of Sports 22 and Hall's Package Liquor, knew that the money they received in exchange for these goods and services were *for* those goods

4

and services, and not loans or capital contributions. *See Grant*, 683 F.3d at 642 (citing *Ford*, 558 F.3d at 375) (holding all reasonable inferences must be made in favor of the jury's verdict under a Rule 29 analysis). A judgment of acquittal is therefore not appropriate under this argument.

As Defendants have presented no argument that would show that there is insufficient evidence to support their convictions, the Motions for Acquittal [118][119] will be **denied** with respect to their request for relief under Rule 29.

### B. New Trial Under Rule 33

Federal Rule of Criminal Procedure 33 allows the Court to "vacate any judgment and grant a new trial if the interest of justice so requires." Though the Court has the discretion to grant or deny them, "motions for new trial are not favored, and are granted only with great caution." *United States v. O'Keefe*, 128 F.3d 885, 898 (5th Cir 1997) (citing *United States v. Hamilton*, 559 F.2d 1370, 1373 (5th Cir. 1977)). A new trial is a remedy courts rarely grant, and "it is warranted only where there would be a miscarriage of justice or where the evidence preponderates heavily against the verdict." *Id.* (quoting *United States v. Andrade*, 94 F.3d 9, 14 (1st Cir. 1996)) (internal quotations omitted). Most of Defendants' arguments are identical to their arguments for a judgment of acquittal, none of which persuade the Court that the interest of justice mandate a new trial. The only new argument introduced for a new trial is Linda Bolton's arguments that the denial of certain jury instructions created so great a miscarriage of justice as to require a new trial.

The Court has "substantial latitude in describing the law to the jurors." *United States v. Ortiz-Mendez*, 634 F.3d 837, 839 (5th Cir. 2011) (quoting *United States v. Orji-Nwosu*, 549 F.3d 1005, 1008 (5th Cir. 2008)). The Court commits reversible error in denying a proposed instruction by the defense only where "(1) the requested instruction is substantially correct; (2) the requested issue is not substantially covered in the charge; *and* (3) the instruction concerns an important point

in the trial so that the failure to give it seriously impaired the defendant's ability to effectively present a given defense." *Id.* (quoting *United States v. John*, 309 F.3d 298, 304 (5th Cir. 2002)).

### 1.     Proposed Instruction 7

Linda Bolton's proposed Jury Instruction No. 7 read

> The Government's contention is that the John Lee checks were written to purchase food and alcohol.  In order for you to consider this as taxable income, the Government must prove beyond a reasonable doubt that the checks were written to purchase food and alcohol.  If the Government fails to prove that beyond a reasonable doubt, you may not consider those checks as taxable income.

The Court denied this instruction as it misrepresented both the facts and the law, and placed a higher burden on the government than was warranted.  To prove its case, the government did not need to prove what type of taxable income the checks were, only that they were, in fact, taxable income.  This element of the crimes charged was covered by Jury Instruction 14, which required the government to prove a tax deficiency beyond a reasonable doubt, and Jury Instruction 15, which required the government to prove Defendants misstated their income on their tax returns beyond a reasonable doubt.  Because this instruction was not substantially correct and because the correct statement of the law was found in other instructions, no miscarriage of justice occurred by the Court's rejection of it.

### 2.     Proposed Instructions 4 and 5

Linda Bolton's Proposed Jury Instructions Nos. 4 and 5 dealt with the tax treatment of gifts. The Court rejected these instructions because they had no relevance to the evidence presented at trial.  There was no testimony from any witness that any of the checks presented at trial were gifts. In fact, there was explicit testimony from Agent Luker and John Lee's assistant, Defendants' lone witness at trial, that none of the John Lee checks were gifts.  The Court is free to reject jury instructions which are "without foundation in the evidence." *United States v. Robinson*, 700 2.d.

205, 211 (5th Cir. 1983).  As nothing in the evidence suggests that any of the checks that were the basis of the charges were gifts, the Court was free to reject these instructions, and the interest of justice would not be served by a new trial under this argument.

Therefore, because none of the Defendants' arguments show that a "miscarriage of justice" has occurred or that "the evidence preponderates heavily against the verdict," the Court will deny the Motions for Acquittal [118][119] to the extent that they ask for a new trial under Rule 33.  *See O'Keefe*, 128 F.3d at 898 (quoting *Andrade*, 94 F.3d at 14).

### III.  CONCLUSION

IT IS THEREFORE ORDERED AND ADJUDGED that Defendants' Motions for Acquittal [118][119] are **denied** in full.

SO ORDERED AND ADJUDGED this the 4th day of November, 2016.

> *s/Keith Starrett*
> UNITED STATES DISTRICT JUDGE