IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

UNITED STATES OF AMERICA

V.                                          CRIMINAL ACTION NO. 2:16-CR-7-KS-MTP

CHARLES BOLTON and
LINDA BOLTON

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on the Renewed Motion for New Trial [128] and Motion for Discovery [129] filed by Defendant Linda Bolton and the Joinders [140][141] filed by Defendant Charles Bolton. After reviewing the submissions of the parties, the record, and the applicable law, the Court finds that neither motion is well taken and that both should be denied.

## I.  BACKGROUND

On March 22, 2016, a federal grand jury indicted Defendants Charles and Linda Bolton on five counts of attempted tax evasion for the years 2009-2013 (Counts 1-5) and five counts of filing false tax returns for those same years (Counts 6-10). Trial began on September 13, 2016, and the government rested its case on September 15, 2016, after presenting several witnesses and exhibits. Defense called one witness and rested that same day. After deliberations, the jury returned a verdict of guilty for Charles Bolton on Counts 2-10 and for Linda Bolton on Counts 6-10. Both defendants were found not guilty as to Count 1. The jury was unable to reach a verdict as to Counts 2-5 with respect to Linda Bolton, and the Court declared a mistrial as to those counts. Sentencing is set for December 19, 2016.

Defendant Linda Bolton ("Defendant") filed her Motion for a Judgment of Acquittal or, In the Alternative, for a New Trial [119] on September 29, 2016, which was subsequently denied by

this Court on November 4, 2016.  In the current Renewed Motion for New Trial [128], Defendant claims that new information in the Presentence Report ("PSR") regarding statements made by John Lee during an FBI interview entitles her to a new trial.  Defendant further argues in her Motion for Discovery [129] that she is entitled to any report of this interview under *Brady v. Maryland*, 373 U.S. 83, 83 S. Ct. 1194, 10 L.Ed.2d 215 (1963), claiming that John Lee's statements in this interview contradicted what IRS Special Agent Bradley Luker ("Agent Luker") testified to at trial.  Specifically, Agent Luker testified that he had no evidence that the John Lee checks were for anything other than goods or services.  (*See* Trial Transcript [136-2] at pp. 11-12, 16, 137.)  Defendant contends that this conflicts with the portions of the interview disclosed in the PSR, during which Lee stated that Defendants never gave him receipts or invoices, but that he would pay whatever they told them, and that, though Lee did not recall loaning Defendants money, if they asked for money, he would give it to them.

The Government submitted their Response [136] to these motions on December 12, 2016.  Defendant Charles Bolton filed his Joinders [140][141] in Defendant's motions on December 15, 2016.  Defendant's Reply [144], though not filed on the docket until December 15, 2016, due to the necessity of filing under seal, was e-mailed to the Court on December 14, 2016.

## II.  DISCUSSION

### A.     Renewed Motion New Trial [128][140]

Federal Rule of Criminal Procedure 33 allows the Court to "vacate any judgment and grant a new trial if the interest of justice so requires."  Though the Court has the discretion to grant or deny them, "motions for new trial are not favored, and are granted only with great caution."  *United States v. O'Keefe*, 128 F.3d 885, 898 (5th Cir 1997) (citing *United States v. Hamilton*, 559 F.2d 1370, 1373

(5th Cir. 1977)).  A new trial is a remedy courts rarely grant, and "it is warranted only where there would be a miscarriage of justice or where the evidence preponderates heavily against the verdict." *Id.* (quoting *United States v. Andrade*, 94 F.3d 9, 14 (1st Cir. 1996)) (internal quotations omitted). In order to obtain a new trial based on new evidence, the Fifth Circuit has stated that a defendant must satisfy the following five-part test:

> (1) the evidence is newly discovered and was unknown to the defendant at the time of trial; (2) the failure to detect the evidence was not due to the defendant's lack of diligence; (3) the evidence is not merely cumulative or impeaching; (4) the evidence is material; and (5) the evidence if introduced at a new trial would probably produce an acquittal.

*United States v. Piazza*, 647 F.3d 559, 565 (5th Cir. 2011).  A new trial "must be denied if the defendant fails to demonstrate any one factor." *Id.*  Despite the fact that Defendant has failed to even address these factors, it is abundantly clear that she has failed to meet any of them.

First, Defendant was well aware that the FBI had interviewed John Lee, and second, a reasonable degree of diligence would have discovered that the FBI agent had produced a separate report from Agent Luker.  In fact, Defendants' accountant Carl Nicholson was present during this interview as well and was seated near the defense table during the entire trial.  Third, the FBI report of this interview would only serve to impeach Agent Luker's testimony, insofar as it could be said to contradict the testimony given at trial.[1]  Fourth and Fifth, the Court is not convinced that this evidence is material or that its introduction at a new trial would probably result in an acquittal

---

[1] The Court does not believe that the statements in the FBI report conflict with the testimony of Agent Luker, particularly since Agent Luker was barred at trial by the hearsay rule from testifying to statements made by John Lee during this interview after Defendants objected. (*See* Trial Transcript [137-2] at pp. 76:18-77:19.)  Later, during cross-examination, Defendants themselves asked about this hearsay testimony by asking Agent Luker directly what John Lee told him, which was allowed by the Court because defense counsel clarified that he was asking what John Lee "told" Agent Luker through the ledger and check registers which were admissible hearsay under F.R.E. 803. (*See id.* at pp. 90-93.)

3

because, as the Court found when it ruled on Defendant's first motion for a new trial, even if the John Lee checks were excluded entirely, there are other checks in the record, such as checks from Manheim and the Mississippi National Guard, which were payments for goods and services and not properly reported as income. These checks are enough to support Defendant's convictions.

Therefore, the Court does not find that Defendant has met her burden in showing she is entitled to a new trial based on newly discovered evidence, and the Motion for New Trial [128][140] will be **denied**.

### B.    Motion for Discovery [129][141]

Defendant asks that the FBI interview of John Lee be disclosed to her and the Court so that the extent to which it contradicts Agent Luker's testimony can be determined in order for the Court to better rule on her Renewed Motion for New Trial [129][140]. The Court finds that this report is not needed because, even if it conflicted with Agent Luker's testimony, which the Court does not find to be the case, Defendant would still not be entitled to a new trial because this evidence was known to her before trial, she did not exercise diligence in discovering it, the interview would only be impeachment evidence, and the evidence would not be material or likely to produce an acquittal because numerous other facts in the record not implicated by this evidence would support Defendant's convictions.

As for Defendant's vague allegations that this evidence should have been disclosed under *Brady*, the Court is unconvinced. "To establish a *Brady* violation, a defendant must show: (1) the evidence at issue was favorable to the accused, either because it was exculpatory or impeaching; (2) the evidence was suppressed by the prosecution; (3) the evidence was material." *United States v. Dvorin*, 817 F.3d 438, 450 (5th Cir. 2016) (citing *United States v. Brown*, 650 F.3d 581, 587-88 (5th

Cir. 2011)). "[E]vidence is material only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *Spence v. Johnson*, 80 F.3d 989, 994 (5th Cir. 1996) (quoting *United States v. Bagley*, 473 U.S. 667, 682, 105 S. Ct. 3375, 87 L.Ed.2d 481 (1985)). Again, though Defendant makes no attempt to argue that any of these elements are met, it is obvious that she can meet none of them.

      First, this evidence is not impeaching as Plaintiff contends. John Lee's statements to the FBI could not have been used to impeach Agent Luker as they do not go to the truth of his testimony or to his own credibility. Notably, Agent Luker was not allowed to testify as to John Lee's statements during this interview because the Court found them to be hearsay to which no exception applied. (*See* Trial Transcript [137-2] at pp. 76:18-77:19.) It should be noted that the FBI's report of this interview would have also been deemed hearsay had any party attempted to introduce it at trial.

      Second, the FBI report of the interview was not suppressed by the Government. All parties knew that this interview had taken place and that the FBI were present. The Government turned over Agent Luker's report of the interview as required *Jencks* material. The FBI report was not turned over because it was not required to be turned over, as it was not exculpatory or impeaching, nor was it a statement of a testifying witness. The FBI report was also not subject to Rule 16 disclosure, as it does not fall under any required disclosure category. In fact, this report falls squarely into the "Information Not Subject to Disclosure" of Rule 16(a)(2), which specifically makes "reports, memoranda, or other internal government documents made by . . . [a] government agent in connection with investigating or prosecuting the case" not subject to disclosure." Fed. R. Crim. P. 16(a)(2). Furthermore, as stated above, Defendants' friend and accountant was present at both the interview and the trial with knowledge of everything John Lee said during the interview.

Finally, the FBI report of John Lee's interview is not material evidence. Had it been introduced at trial despite being hearsay, the result of the proceeding would not have been different. As previously stated, there is other evidence in the record that would support Defendant's convictions even if the John Lee checks were excluded entirely.

For the first time in her Reply [138], Defendant argues that the FBI report should be disclosed to her prior to sentencing. Even if this argument were properly before the Court, Defendant has not cited any legal authority which would entitle her to this disclosure. For this reason and the reasons enumerated above, the Court will **deny** Defendant's Motion for Discovery [129][141].

### III.  CONCLUSION

IT IS THEREFORE ORDERED AND ADJUDGED that Defendant's Motion for New Trial [128][140] is **denied**.

IT IS FURTHER ORDERED AND ADJUDGED that Defendant's Motion for Discovery [129][141] is **denied**.

SO ORDERED AND ADJUDGED this the 16th day of December, 2016.

*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE