IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**UNITED STATES OF AMERICA**

**V.**                                                   **CRIMINAL ACTION NO. 2:16-CR-7-KS-MTP**

**CHARLES BOLTON and**
**LINDA BOLTON**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on the Motion to Certify Interlocutory Appeal ("Motion for Appeal") [227] filed by Defendants Charles and Linda Bolton. After considering the submissions of the parties, the record, and the applicable law, the Court finds that this motion is not well taken and should be denied.

## I. BACKGROUND

On March 22, 2016, a federal grand jury indicted Defendants Charles Bolton ("Charles") and Linda Bolton ("Linda") (collectively "Defendants") on five counts of attempted tax evasion for the years 2009-2013 (Counts 1-5) and five counts of filing false tax returns for those same years (Counts 6-10). Trial was initially set for May 23, 2016. Defendants filed a joint Unopposed Motion to Continue [17] on April 25, 2016. The Court granted this motion on April 29, 2016, and the trial date was then set for July 18, 2016. Due to courtroom unavailability[1] and after conferring with the parties to ascertain any objections, the Court *sua sponte* continued the case until August 22, 2016. Because of issues with Linda's attorneys, the trial was continued once again to September 12, 2016.

---

[1] Both courtrooms in Hattiesburg were undergoing renovations and were not serviceable for most of the month of July.

Trial ultimately began on September 13, 2016, due to a late filed motion to quash trial subpoena filed by a witness in the case. Due to the high local interest in the case, the Court took the precaution of calling for a district-wide venire instead of a division-wide one, in order to ensure the Defendants would be tried before an unbiased panel. The government rested its case on September 15, 2016, after presenting several witnesses and exhibits. Defense called one witness and rested that same day. After deliberations, the jury returned a verdict of guilty for Charles on Counts 2-10 and for Linda on Counts 6-10. Both Defendants were found not guilty as to Count 1. The jury was unable to reach a verdict as to Counts 2-5 with respect to Linda Bolton, and the Court declared a mistrial as to those counts.

On March 17, 2017, sentencing was held in open court. Over the objections of the Defendants, the Court adopted the Pre-Sentence Reports' calculated sentencing guideline range of 27 to 33 months for both Charles and Linda. The Court then sentenced Linda to 30 months confinement per count with the Federal Bureau of Prisons ("BOP"), to be served concurrently. Charles was sentenced to 33 months confinement as to Counts 2 through 5, to run concurrently, and 12 months confinement for Counts 6 through 10, to run concurrently with each other but consecutively with the 33-month sentence under Counts 2 through 5, for a total of 45 months confinement in the custody of the BOP.[2] Fines and restitution were also levied against both Defendants. Judgment was entered in the case on March 28, 2017. (*See* Judgments [165][166].) Defendants were allowed to self-surrender to the custody of the BOP as notified by the U.S. Marshal, but no later than 60 days from the date of sentencing.

---

[2] This was an upward variance from the sentencing guideline range, which the Court imposed because of Charles's position as a public official and for other reasons stated in open court.

On March 31, 2017, Charles filed a Notice of Appeal [172]. Subsequently, on April 3, 2017, Charles requested that Notice of Appeal be dismissed without prejudice, as it was filed in error. The Court granted this request that same day. (*See* Order [174].)

On April 11, 2017, Charles filed his Motion for New Trial Due to Defense Counsel for Defendant Charles Bolton Commenced the Representation with an Actual Conflict [175] and his Motion to Vacate Conviction and Sentence and in the Alternative, for New Trial Under Federal Rule of Criminal Procedure Rule 33 and Request for *Garcia* Hearing[3] [177]. That same day, Charles filed a second Notice of Appeal [180], before he and Linda both filed additional Motions for New Trial [178][181].[4] Linda then filed a Notice of Appeal [182].

The Court issued an Order [183] on April 12, 2017, terminating all pending Motions for New Trial [175][177][178][181], finding that it did not have jurisdiction over the matters they involved. *See United States v. Hitchmon*, 602 F.2d 689, 692 (5th Cir. 1979) *superceded by statute on other grounds as stated in United States v. Martinez*, 763 F.2d 1297, 1308 (11th Cir. 1985) (citations omitted); *see also* Fed. R. Crim. 33(b)(1) ("If an appeal is pending, the court may not grant a motion for a new trial until the appellate court remands the case.")

On April 21, 2017, Defendants filed their Motions to Seal [189][190],[5] asking for leave to file certain confidential medical information under seal for purposes of forthcoming motions to stay the Defendants' self-report dates. The Court entered its Order [191] granting these motions

---

[3] The term "*Garcia* hearing" is a reference to the Fifth Circuit's decision in *United States v. Garcia*, 517 F.2d 272 (5th Cir. 1975), and is commonly understood to be a pre-trial hearing held when "a defendant chooses to proceed with representation by counsel who has a conflict of interest" in order for the district court "to ensure a valid waiver by the defendant of his Sixth Amendment right." *United States v. Garcia-Jasso*, 472 F.3d 239, 243 (5th Cir. 2006) (citations omitted).
[4] These motions are referred collectively with Charles's other motions as the "Motions for New Trial [175][177][178][181]."
[5] These motions were entitled "Motion to Stay Self-Report Date," but the event chosen when filing these documents was "Motion to Seal." The Court interpreted them, not as motions to seal, but as motions for leave to file under seal, as that was the relief asked for in the motions.

on April 24, 2017.[6]  Defendants' Motions to Stay [198][199] were subsequently filed on April 26, 2017.

The Court learned on April 26, 2017, that Defendants had filed motions for bail pending appeal in the Fifth Circuit.[7]  These motions were procedurally incorrect, as motions for bail pending appeal must first be filed with the district court before they are brought to the appellate court, and no such motions were filed with this Court. *See* Fed. R. App. P. 9(b); *see also Jago v. U.S. Dist. Court, N. Dist. of Ohio*, 570 F.2d 618, 623 (6th Cir. 1978) ("Release pending an appeal must be first sought in the district court even after an appeal has been noted from the judgment of conviction.").  Because of the confusing motion practice of Defendants and because it was uncertain how to proceed on the Motions to Stay [198][199] given the motions for bail, the Court consulted with staff attorneys at the Fifth Circuit.

It was ultimately decided, at the suggestion of the Fifth Circuit staff attorneys, that the best course of action was for the Court to request a remand pursuant to Federal Rule of Appellate Procedure 12.1(b),[8] in order to streamline the proceedings and to allow for factual findings to be made on the issues in all of the motions filed by Defendants.  The Fifth Circuit panel agreed and issued a per curiam order remanding the case on April 27, 2017, divesting itself of jurisdiction and denying all pending motions before it as moot.  (*See* Order of USCA [205].)  The Court issued an Order [206] on April 27, 2017, reviving the Motions for New Trial [175][177][178][181] and setting briefing deadlines.  Because of the remand, no appeal is currently pending in this case.

---

[6] The Motions to Seal [189][190] were filed on a Friday, and the Court was unable to address them until the following Monday.
[7] Also on April 26, 2017, adding to the confusion of the case, yet another attorney, William Walter, made an appearance on behalf of both Defendants.  Three days later, on April 28, 2017, Mary Lee Holmes made an appearance on behalf of both Defendants as well.
[8] Federal Rule of Appellate Procedure 12.1(b) allows a district court to request remand in order to consider a motion that "raises a substantial issue."

The Court denied the Motions to Stay [198][199] on May 1, 2017. That same day, Defendants filed their Motions for Bond [214][218] and asked for expedited consideration of these motions, which the Court denied. Linda surrendered to the custody of the BOP on May 2, 2017, and Charles surrendered on May 3, 2017.

The Motion for Appeal [227] was filed on May 3, 2017, the day after Linda surrendered and the day Charles was set to surrender. In it, Defendants request an interlocutory appeal of the Court's Order [217] denying their Motions to Stay [198][199] and the Order [220] denying their requests to expedite consideration of their Motions for New Trial [175][177][178][181].

## II. DISCUSSION

### A.    Standard of Review

The Court may certify an order for interlocutory appeal if such order (1) "involves a controlling question of law," (2) "there is substantial ground for difference of opinion" as to that question of law, and (3) "an immediate appeal from the order may materially advance the ultimate termination of litigation." 28 U.S.C. § 1292(b). All three criteria must be met before an order is certified for interlocutory appeal. *Aparicio v. Swan Lake*, 643 F.2d 1109, 1110 n.2 (5th Cir. Unit A Apr. 1981).

### B.    Order [217] Denying Motions to Stay [198][199]

Though Defendants summarily state in their motion that "a substantial basis exists for a difference of opinion on these questions of law and appellate resolution may materially advance the termination of litigation," they never identify which questions of law, decided in the Order [217] denying the Motions to Stay [198][199], are the subject of their arguments. They make

numerous allusions to the issues addressed in their Motions for New Trial [175][177][178][181],[9] but never identify a question of law in the Order [217] at issue.

This oversight in Defendants' Motion for Appeal [227] is understandable because there *were* no questions of law addressed in the Court's previous Order [217] because no law was presented in support of the motions addressed therein. (*See* Order [217] at p. 9) ("The Court is uncertain which authority or precedent Defendants purport to bring their Motions to Stay [198][199] under, as they cite none in their accompanying memoranda.") However, because a controlling question of law is required to be involved *in the order to be appealed* and because Defendants have failed to identify such a question, the Motion for Appeal [227] will be **denied** as to this Order [217].

### C.    Order [220] Denying Expedited Consideration

Defendants argue that the Court erred in denying them expedited consideration of their Motions for New Trial [175][177][178][181] in its Order [220]. Defendants, however, have never asked for expedited consideration of their Motions for New Trial [175][177][178][181]. In its Order [220], the Court denied Defendants' Motions to Expedite [215][219] consideration on their Motions for Bond [214][218]. Defendants cannot appeal a ruling the Court never made.[10] Therefore, the Motion for Appeal [227] will also be **denied** as to this Order [220].

---

[9] It is axiomatic that these questions cannot be appealed to the Fifth Circuit because they have not been addressed by this Court.

[10] Defendants do not argue for an interlocutory appeal on the denial of expedited consideration of their Motions for Bond [214][218], and the Court will not consider arguments not made.

### III. CONCLUSION

IT IS THEREFORE ORDERED AND ADJUDGED that the Motion for Appeal [227] is **denied**.

SO ORDERED AND ADJUDGED this the 7th day of June, 2017.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE