**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**EASTERN DIVISION**

**UNITED STATES OF AMERICA**

**V.**                                   **CRIMINAL ACTION NO. 2:16-CR-7-KS-MTP**

**CHARLES BOLTON and**
**LINDA BOLTON**


## MEMORANDUM OPINION AND ORDER

This matter is before the Court on the Re-Urged Motion to Deem Attorney-Client Privilege

and the Work Product Doctrine Waived ("Motion to Deem Waived") [221] filed by Attorneys Joe

Sam Owen, Ben Galloway, and their law firm, Owen, Galloway & Myers, PLLC, and the Motion

for Protective Order [239] filed by Defendant Charles Bolton.  After considering the submissions

of the parties, the record, and the applicable law, the Court finds that the Motion to Deem Waived

[221] is well taken and should be granted.  In an abundance of caution, however, the Court finds

that the Motion for Protective Order [239] should be granted in part and denied in part.

## I.  BACKGROUND

On March 22, 2016, a federal grand jury indicted Defendants Charles Bolton ("Charles")

and Linda Bolton ("Linda") (collectively "Defendants") on five counts of attempted tax evasion

for the years 2009-2013 (Counts 1-5) and five counts of filing false tax returns for those same

years (Counts 6-10).  Attorney Joe Sam Owen ("Owen") filed his initial appearance on behalf of

Charles on March 28, 2016, and Ben Galloway ("Galloway") filed his on April 29, 2016.  It was

discussed on the record that Owen was taking the lead in the defense.[1]

---

[1] This discussion took place during the disqualification hearing held before the Court on July 28, 2016.

Trial began on September 13, 2016, and the government rested its case on September 15, 2016, after presenting several witnesses and exhibits. Defense called one witness and rested that same day. After deliberations, the jury returned a verdict of guilty for Charles on Counts 2-10 and for Linda on Counts 6-10. Both Defendants were found not guilty as to Count 1. The jury was unable to reach a verdict as to Counts 2-5 with respect to Linda Bolton, and the Court declared a mistrial as to those counts.

Sentencing was originally set for December 19, 2016. On that date, Owen and counsel for the Government requested an in camera meeting with the Court and made a joint request for a continuance, citing Charles's willingness to cooperate with the Government in connection with ongoing investigations. Linda made no objection to this continuance. The sentencing was then continued to January 18, 2017. Owen and counsel for the Government contacted the Court again on January 13, 2017, requesting the Court to continue the sentencing once more to allow Charles more time to speak with agents of the Government. Sentencing was then continued to February 3, 2017, again with no objection from Linda. On January 24, 2017, because of internal scheduling conflicts of the Court,[2] sentencing was continued once again, with the consent of the parties, and set for March 17, 2017.

On March 15, 2017, Owen, Galloway, and their firm, Owen, Galloway & Myers, PLLC, (collectively referred to as "Owen") filed their Motion to Deem Attorney-Client Privilege Waived [151], stating that Charles had terminated their representation and was now attempting to allege Owen had conducted himself unethically during his representation of Charles. At the time, Charles was also represented by Robert Nathan Udashen ("Udashen"), who represented that he

---

[2] The undersigned was the presiding judge over a case pending in the Northern District of Texas, which was set for a three-week trial in February.

would not be present for the sentencing hearing as his representation was for the appeal phase only, and Samuel S. McHard ("McHard"), who served as local sponsoring counsel for the pro hac vice admission of Udashen and who also did not intend to attend the sentencing hearing. The Court learned through the filings connected with Owen's motion that Charles had apparently hired Alabama Attorney Willie J. Huntley ("Huntley") some time during the prior week and that Huntley intended to represent Charles at the sentencing hearing. Despite these intentions, Huntley had not entered an appearance in the Court and had not filed a motion for pro hac vice admission, as required by an out-of-state lawyer not licensed to practice in Mississippi.[3]

Despite Owen's motion, at no point prior to the sentencing hearing did Charles attempt to bring any allegations of attorney conflict to the Court's attention, nor did Huntley or any of his other attorneys ever file anything on his behalf regarding Owen's representation. In fact, if Owen had not filed his motion, the Court would have begun the sentencing hearing with no indication that there was any such allegation.[4] Furthermore, even after this motion was filed, the Court still had no indication as to what this alleged conflict pertained to, as Owen did not wish to reveal any confidential information with respect to Charles's allegations without first seeking the Court's approval.

Because Owen brought the matter to the Court's attention, on March 17, 2017, prior to the sentencing hearing, the Court heard in camera arguments as to the Motion to Deem the Attorney-Client Privilege Waived [151].[5] During these arguments, the Government represented to the Court that Charles, despite his promises to cooperate, had given its agents no useful information despite

[3] In fact, despite the Court allowing him to appear unofficially on behalf of Charles at the sentencing hearing, Huntley did not move to appear pro hac vice until March 29, 2017.
[4] The Court can only assume that Charles, continuing his delay tactics evidenced throughout the record, would have brought the conflict issue up during the hearing in an attempt to gain an additional continuance, or that he was simply saving the issue for appeal.
[5] These arguments were heard on the record.

the continuances of sentencing granted by the Court and that, as a result, it was ready to move forward with the sentencing with no further delay. Despite his previous termination of Owen's representation, Charles allowed Owen to represent him at the sentencing hearing as he had no other counsel present[6] and did not wish to utilize the Federal Public Defender.[7]

After the in camera arguments, the sentencing hearing was held in open court. Over the objections of the Defendants, the Court adopted the Pre-Sentence Report's calculated sentencing guideline range of 27 to 33 months for both Charles and Linda. The Court then sentenced Linda to 30 months confinement per count with the Federal Bureau of Prisons ("BOP"), to be served concurrently. Charles was sentenced to 33 months confinement as to Counts 2 through 5, to run concurrently, and 12 months confinement for Counts 6 through 10, to run concurrently with each other but consecutively with the 33-month sentence under Counts 2 through 5, for a total of 45 months confinement in the custody of the BOP.[8] Fines and restitution were also levied against both Defendants. Judgment was entered in the case on March 28, 2017. (*See* Judgments [165][166].)

Owen requested to withdraw from this case on March 22, 2017, but requested to reserve the right to respond to any filings related to their representation. The Court granted this motion on March 29, 2017. (*See* Order [167].) Also on March 29, the Court issued an Order [168] denying without prejudice Owen's previous Motion to Deem Attorney Client Privilege Waived [151],

---

[6] As previously stated, Huntley was allowed to unofficially appear on behalf of Charles despite not being properly admitted as pro hac vice counsel.

[7] As a precautionary measure, the Court had requested the presence of an attorney from the Federal Public Defender's Office be present at the sentencing hearing and in the in camera hearing, to allow Charles an additional option for the sentencing hearing.

[8] This was an upward variance from the sentencing guideline range, which the Court imposed because of Charles's position as a public official and other reasons stated in open court.

finding that such an action was not necessary at that point in time but stating that the issue could be re-urged should it become relevant.

Multiple motions for new trial based on new evidence were filed with the Court. After resolving the procedural errors committed by Defendants, the Court issued a scheduling order for the briefing of these motions, allowing Owen and his firm to respond as many of the allegations contained in the motions dealt with his representation of Charles.

Owen filed the current Motion to Deem Waived [221] on May 1, 2017, seeking the Court's acknowledgement that Charles's allegations of ineffective assistance of counsel waived the attorney-client privilege in order to more fully respond to the allegations. After briefing on the Motion to Deem Waived [221] concluded, Charles filed his Motion for Protective Order [239], arguing that, should the Court grant Owen's motion, it should limit the scope of the waiver. Having considered the submissions of all parties, the Court is now ready to rule.

## II. DISCUSSION

### A. Motion to Deem Waived [221]

The assertion of an ineffective assistance of counsel claim waives all attorney-client privilege relevant to claim. *See, e.g., Laughner v. United States*, 373 F.2d 326, 327 (5th Cir. 1967) ("[W]here . . . the client alleges a breach of duty to him by the attorney, we have not the slightest scruple about deciding that he thereby waives the privilege as to all communications relevant to that issue."); *see also* Restatement (Third) of the Law Governing Lawyers § 80(1) (2000) ("The attorney-client privilege is waived for any relevant communication if the client asserts as to a material issue in a proceeding that . . . a lawyer's assistance was ineffective, negligent, or otherwise wrongful."). This issue typically is found in motions under 28 U.S.C. § 2255 and not motions for

a new trial based on new evidence under Federal Rule of Criminal Procedure 33,[9] but the underlying rationale holds true. Charles, having charged Owen with improper conduct, cannot "invoke the privilege accorded confidential communications between an attorney and his client to eliminate the one source of evidence likely to contradict his allegations." *Laughner*, 373 F.2d at 327.

As Charles "seeks nothing more than a fair trial in which the ***truth*** is made known," he should appreciate the Court's need to receive all sides of the story as to Owen's representation in order to *fairly* ascertain what the *truth* is. (*See* Response [233] at p. 1) (emphasis in original). Therefore, the Court finds that the Motion to Deem Waived [221] should be **granted**. Considering the breadth of Charles's allegations, the Court will not impose any limitation on the scope of the waiver, other than to caution Owen and his firm that information revealed under this waiver should be relevant to the claims made in Charles's motions. The Court would note that, in granting this motion, the Court itself is not waiving the attorney-client privilege, but rather acknowledging that Charles has, through his numerous allegations of ineffective assistance of counsel and attorney conflict, waived the privilege himself. *See Laughner*, 373 F.2d at 327.

B.      **Motion for Protective Order [239]**

Charles argues in his Motion for Protective Order [239] that it would unfairly prejudice him, in the event of a new trial, if Owen released any information regarding his representation of Charles to the public and, specifically, to the Government. As such, he requests that, in the event that the Court grants Owen's motion, it limits the scope of the waiver and the recipients who have access to the content. The Court has already ruled that it will not limit the scope of the waiver

---

[9] Though Defendants bring multiple ineffective assistance of counsel claims in their various motions under Rule 33, the Fifth Circuit has held that "a Rule 33 motion . . . premised on 'newly discovered evidence,' is an improper vehicle for raising a claim of ineffective assistance of counsel." *United States v. Medina*, 118 F.3d 371 (5th Cir. 1997) (per curiam) (citing *United States v. Ugalde*, 861 F.2d 802, 807-09 (5th Cir. 1988)).

except to caution Owen that any revealed information must be relevant to one of Charles's numerous allegations. The motion will therefore be **denied** as to the scope of the waiver. The Court therefore analyzes the motion only as to who may view Owen's response and any attached exhibits containing information previously protected by the attorney-client privilege waived by Charles.

Owen responds by arguing that Charles has "filed books of motions" containing "scathing charges" against him, which were intentionally not sealed, with "the objective of publically disseminating each and every allegation." (Response [260] at pp. 4-6.) Owen goes on to point out that "Charles Bolton has repeatedly used the media, including social media, as well as this Court and the Circuit Court of Forrest County, Mississippi [sic] to publically disclose the various issues he seeks to silence Owen, Galloway and OGM on" and that "the narrative contained in the Motions and the derogatory comments directed at Owen and OGM were publicized in part on Hattiesburg Patriot/Facebook, the Hattiesburg American, the Associated Press, and topped off by Charles Bolton's exclusive interview with WDAM News." (*Id.* at p. 7.) Owen therefore seeks public exoneration of his reputation and requests that his response and exhibits not be required to be filed under seal.

The Government also responds by stating that access to Owen's response to the motions for new trial is "essential for the government to respond and demonstrate why the Bolton's claims fail the test for 'newly discovered evidence' and why the ineffective assistance claims alleged to be newly discovered, were known to defendants and fail to meet the definition of 'newly discovered' in the Fifth Circuit." (Response [245] at pp. 4-5.)

The Court recognizes that Charles has repeated used both this Court and the media in an attempt to publically vilify both Owen and the Government. The most recent example of this can

7

be found in Charles's Reply [263] in support of this very motion, where he attempts to use the fact that Owen and the Government both filed responses to his Motion for Protective Order [239] as evidence of some sort of nefarious collusion between the two and to suggest that Owen is operating as an agent of the Government.[10]  The Court also understands that the Government is left at a disadvantage in responding to Charles's motions for new trial without knowing the details of Owen's representation of Charles, as they pertain to the allegations of conflict and ineffective assistance of counsel.  Nevertheless, with the issue of a new trial currently pending, the Court finds that any response or exhibit by Owen containing previously privileged information should be filed under seal with the Court and not served on the Government, as a precautionary measure in the event that a new trial is awarded.  This seal will be lifted after the conclusion of Charles's direct appeal to the Fifth Circuit.[11]

The Motion for Protective Order [239] will therefore be **granted** to the extent that Owen will be required to file his response to the motions for new trial and any attached exhibits containing previously privileged information under seal.  This seal will be lifted by order of the Court upon the conclusion of Charles's direct appeal to the Fifth Circuit.  It is **denied** in all other respects.

### III.  CONCLUSION

IT IS THEREFORE ORDERED AND ADJUDGED that the Motion to Deem Waived [221] is **granted**.

---

[10] In actuality, the fact that both Owen and the Government would have an interest in responding to this motion is only common sense.  Owen seeks to exonerate himself from the allegations made by Charles, while the Government seeks information to rebut the claims it has to answer in the pending motions for new trial.  To suggest that there is a "confederation" between Owen and the Government which is "telling" is a blatant attempt to smear the reputations of both Owen and counsel for the Government.  (Reply [263] at p. 1.)

[11] In the event a new trial is awarded, this will be the conclusion of the direct appeal of whatever verdict that trial results in, or fourteen days after the entry of judgment if no timely notice of appeal is filed.

IT IS THEREFORE ORDERED AND ADJUDGED that the Motion for Protective Order [239] is **granted in part** and **denied in part**.

It is **granted** to the extent that Owen will be required to file his response to the pending motions for new trial and any attached exhibits containing previously privileged information under seal. This seal will be lifted by order of the Court upon the conclusion of Charles's direct appeal to the Fifth Circuit.

It is **denied** in all other respects.

SO ORDERED AND ADJUDGED this the 7th day of June, 2017.


*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE