IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

UNITED STATES OF AMERICA

VS.                                                    CRIMINAL NO. 2:16-cr-7-KS-MTP

CHARLES BOLTON AND
LINDA BOLTON

### ORDER

THIS CAUSE IS BEFORE THE COURT on Linda Bolton's Motion for New Trial Pursuant to Federal Rule of Criminal Procedure 33 Based on Newly Discovered Evidence, or, In the Alternative Motion to Reduce Restitution and Other Relief [350], Joinder of Charles Bolton [352], and Government's Response to said Motion [358]. Also embedded in Government's Response is a Motion for Sanctions against attorney Mary Lee Holmes pursuant to Rule 11 for misrepresentations and miscitations of the record and unsubstantiated allegations of misconduct by the Government's attorneys, witnesses, and the Court [364], p. 17-22. The Court has considered the above described pleadings, the record herein and finds that the Boltons' Motion [350] and Joinder [352] are not well taken and the Court finds that the embedded Motion for Sanctions is well taken for the reasons set forth herein.

### BACKGROUND

What began as a straightforward tax evasion case against Charles Bolton and his wife Linda Bolton (Boltons) has morphed into extended and contentious litigation with Movant, Charles Bolton, at one time or another, being represented by ten different attorneys and Movant

Linda Bolton being represented by nine different attorneys. Having its beginning in the District Court, this case has been before the Fifth Circuit on several occasions, ultimately being unanimously affirmed. *U.S. v. Charles Bolton, 17-60576 and U.S. v. Linda Bolton, 17-60502,* (5th Cir. 2018). The U.S. Supreme Court denied Cert.

Following several Motions for New Trial [175], [177], [181], [226], [178] and [231] this Court entered its Order [295] denying all of the motions which precipitated the appeal to the Fifth Circuit.

Following the affirmance by the Fifth Circuit and denial of Cert by the Supreme Court, Linda Bolton brings this Motion [350] for a new trial based on newly discovered evidence. Charles joined in Linda's Motion [352]. An extensive background for this case is set forth in this Court's Order [295] p. 2-10.

This Court now addresses Motion [350] and Joinder [352] wherein Movants request a new trial pursuant to Rule 33 of the F.R..Crim. P. based on "newly discovered and unavailable evidence".

## **MOTION FOR A NEW TRIAL**

In their Motion and briefings the Boltons cite extensive deposition and trial testimony from separate and unrelated proceedings. (U.S. vs. Carl Nicholson, MSSD 2:18cr23, Charles Bolton, et al vs. John Lee, et al, Circuit Court of Forrest County, MS, Civil Acttion 2017-72) The Court spent considerable time and effort going through the pleadings and cited documents, including the transcripts and deposition testimony from unrelated cases. The allegations reguarding the newly discovered evidence were less than succinctly pled and because of the imprecise and confusing pleadings the Court directed the Movants to provide clarification [368] as to the newly discovered evidence, where it appeared in the record and how it required the

2

Court to grant a new trial based on any newly discovered evidence. The Response to the Court's directive [372] was filed and again the Court went through the cited documents which were also less than specific and improperly cited. The briefing was basically useless for developing an understanding of what the Boltons were claiming.

However, the Movants seem to allege that because John Lee, a defendant in an unrelated case and a potential witness in the Boltons' case, committed tax fraud, and Lee and the Movants had the same accountant named Carl Nicholson, that this is sufficient to prove that the charges against the Boltons were false, and the fact that Lee claimed his Fifth Amendment privilege and did not testify, affirms the claims. More simply put, the Boltons committed tax fraud, and John Lee committed tax fraud with the same accountant who was also convicted of tax fraud (U.S. vs. Carl Nicholson No. 19-60365, 5th Cir. 2020, District Court Docket No. 2:18cr23-1), and the fact that Lee's testimony is now available that this should conclusively prove that the Boltons are entitled to a new trial.

The Movants have not properly responded to the specific questions of the Court pointing to justification for their claims. The Court is not required to sift through volumes of documents to pick out some elusive basis for the Boltons' pending motion. One of the documents that the Court was pointed to in the response was the Factual Basis [364-3] for John Lee's guilty plea. Nothing in this document was relevant to the Boltons' motion. It was simply cited. Also, most of the Responses [372] to the Court's request were garbled, irrelevant and indeed some were misstated. The Movants claim that the evidence of Lee's deposition [351-1] and Lee's testimony at the trial of Carl Nicholson [351-2] show that the new information provided by Lee conclusively demonstrates that the Boltons were innocent or at least should be entitled to a new trial.

First, the testimony of Lee deals with Nicholson's case and is irrelevant to the Boltons' Motion. Second, the Boltons had personal knowledge of their own tax returns and could have presented any evidence that Lee could have about payments to them. It is not new evidence. The fact that Lee has testified gives them access to this testimony and it is newly available evidence coming from Lee's testimony, but it is not new evidence. The Boltons have always had access to their own tax returns and business records and also could have called their accountant, Carl Nicholson or members of his staff as witnesses.

And then there is the issue of the affidavit of Mr. John Chain [371-1]. He states, " I have known Charles Bolton and Carl Nicholson for many years. I have a close enough relationship with each of them that I do not believe either of them would ever lie to me. " He then goes on to talk about how Carl Nicholson gave him a statement about how his firm had made serious professional errors on the Bolton's tax returns and that the firm should admit it. Indeed, Mr. Nicholson and Mr. Chain attended some of the Court proceedings of the Boltons. Movants do not claim this to be newly discovered or that their close friends would withhold information and let them be wrongfully convicted.

This Court has dealt with the issues raised by the Boltons several times and in its Memorandum Opinion and Order [295] stated,

> The Court has three times rejected this argument, [John Lee checks not being income], finding that the Government had presented sufficient evidence that these checks were income to defendants, and had twice ruled that even if defendants had completely succeeded in showing that the John Lee checks were not income, there was still sufficient evidence of unreported income to support their convictions. (*See* trial transcript [150] at 416:5-421: 8, Order [127] at p3; Order [145] at pp. 3-4)….Besides the fact that the Government produced sufficient evidence at trial to show that the John Lee checks were income, (*See* Trial Transcript [150] at 416:5-421:8), The Government has also produced checks, claimed as loans by Defendants, written to either Sports 22 restaurant or Hall Avenue Package Store by Manheim Mississippi Auto Auction, The Mississippi Air National

4

Guard, Forrest General Hospital, Linda's former attorneys, Holmes & Dukes, and incredibly, a Sports 22 customer, who wrote a check for $8.75 to pay for a fish dinner, which were undoubtedly shown to be income. (*See* Trial Transcript [148] at 106:12-107:23; Exhibit G-75[188-75]; Exhibit G-78[188:78]; Exhibit G-80 [188-80]; Exhibit G-82 [188-80]; Exhibit G-84[188-84]. ) Memorandum Opinion and Order pp. 21-22 [Doc.295]

Also, the Court stated finally, despite all the legal reasons why defendants' claim that these checks (John Lee's checks to the Boltons) were capital contributions fail, the Court must point out that Owen (Charles Bolton's trial attorney) did in fact put forward the argument that these checks were capital contributions. (*See,* e.g.,Trial Transcript [150] at 529:9-530-5; 510-22-511:8.). Owen fully admits that this defense was not presented fully because 'the testimony of Linda Bolton was crucial' to it because Charles claimed he had no knowledge of the deposits marked as loan and was not aware that Linda marked deposits as a loan until after the tax indictment.' (Owen Memo, in Response [277] at p.39). Linda, who was not Owen's client, exercised her Fifth Amendment right not to testify at trial, despite Owen 'implor[ing] Charles Bolton to intervene,' which he refused to do (*Id.)* Since the beginning of this case, Owen has been 'emphatic that [his] position that only four people had specific knowledge of these events and only four people could provide the jury with the guidance the jury would need. (1) Charles Bolton; (2) Linda Bolton; (3) John Lee; (4) Nicholson & Co.' (Sept. 20 letter [276-20] at p. 3.) John Lee invoked the Fifth Amendment, and Owen believed that testimony from Nicholson would be damaging to Charles' case. ( See Memo in Response [277] pp.22-23.) The only remaining witnesses would have been Charles and Linda themselves, who both opted to not testify over Owen's advice, as was their right under the Fifth Amendment…

Owen counseled that both defendants should testify, but when Linda refused, he advised Charles on 'the implications of testifying and not testifying' and 'conducted several direct and cross-examination simulations before and during trial,' during which it was apparent that Charles could not give 'a clear explanation regarding Mr. John Lee's cashed checks' and that he 'would equivocate regarding the reasons for the cashed checks' if put on the stand. (Galloway Affidavit [276-11] at ¶¶ 5-6; *see also* Ballard Affidavit [276-16] at ¶¶ 14-15; Blum Affidavit [276-22 at ¶ 3; Rhodes Affidavit [276-21] at ¶ 4.) *Id.* at pp. 24-25.

5

The evidence is overwhelming that the Boltons' claim of newly discovered evidence relevant to F.R.Crim. P. 33 is not well taken. The Court finds that the Motion for New Trial [350] should be DENIED.

## **MOTION FOR RULE 11 SANCTIONS**

As part of its Response to the Bolton's Renewed Motion for New Trial based on New Information and in the Alternative Motion to Reduce Restitution [358] the Government moved the Court for sanctions against Attorney Mary Lee Holmes. In its motion the Government urges that the allegations of Ms. Holmes accuse the Government and its witness, Special Agent Bradley Luker of intentional acts constituting obstruction of justice, prejudice, subornation of perjury, perjury, knowingly using false testimony at trial and intentional suppression of exculpatory facts and evidence. The Government also points out that Ms. Holmes accuses the Court of misconduct by knowingly participating in taking the Lee guilty plea with knowledge that the charge and the factual basis underlying same conflicted with the evidence upon which the Boltons were convicted, and despite this knowledge and information, ignored this information and turned a blind eye to the Government's misconduct and deception revealed by the Lee plea documents (Doc. 356 at 2).

The Court has reviewed the joinder of Charles Bolton in Linda Bolton's Renewed Motion for a New Trial Based on New Information, or in the Alternative, Motion to Reduce Restitution [352] which is the source of the Government's allegations. Ms. Holmes replied to the Government's allegations in a document styled "Reply in Support of Linda Bolton's Motion for New Trial, or in the Alternative, Motion to Reduce Restitution" (Doc.364 at p. 17).  In the Reply Ms. Holmes states that she "never represented Charles Bolton in the criminal action" (Doc. 364 at p. 18). In continuing the reply she states that there was an impending deadline for filing the

Motion for New Trial and that an attorney named Charles Bates requested her to file the Joinder because he was not licensed to practice in Mississippi. She continues to state that after receiving the late request from Mr. Bates, she prepared and filed an entry of appearance on behalf of Mr. Charles Bolton, downloaded the Joinder prepared by Mr. Bates and added her signature to the signature line and Certificate of Service. She continued by saying, "regrettably, due to the deadline and last minute request by Bates, the undersigned filed Charles' Joinder without sufficient opportunity to review the underlying arguments made in the Joinder. While undesirable for filing any pleading, the Joinder was hastily filed to ensure the deadline was met. "Undersigned did not willfully make inaccurate statements and it is clear that the arguments in Linda's Motion were plead far differently from that of Charles. " (Doc/ 364 at p. 19)

It is noted by the Court that nothing was done to correct the errors prior to the Government filing its Motion for Sanctions. Ms. Holmes then admits that there were misstatements of facts and false accusations. She stated, "The undersigned does not insist that Mr. Bates or the preparer of the Joinder intentionally plead inaccurate statements, however, the facts as plead are inaccurate." The Court has reviewed the documents and the allegations and finds that the allegations against the Government's attorneys, witnesses and the Court contain multiple unfair and untrue allegations including one that even a cursory reading of the record would show was incorrect. The allegation stating "at sentencing the District Court not only forced Charles Bolton to proceed with terminated counsel against his wishes, he stated on the record that the Boltons failed to file any objections to the PSR and therefore, he was going to accept them as filed. This assertion was not true. The Boltons did file objections to the report and cited the finding by the IRS agent that he found no relevant conduct in his investigation and that items marked as loans were used in the normal course of business and noted there was no record

7

of any major purchases." (Doc. 352 at p.7)  Indeed the Bolton's did file objections to the PSR and over fifty pages of the sentencing transcript records the arguments of the attorneys over the objections to the Presentence Reports. Also, the allegation that Bolton was forced to proceed with terminated counsel is not true. This is clear in the record and other serious allegations are made against the attorneys for the Government and the Court.

The Court faces a dilemma as to how to handle this situation. Many of the objectionable things were pled by Ms, Holmes when she signed a pleading that she says was prepared by Mr. Charles Bates. The Court has not gone through each of the misstatements or wrongful allegations but suffice it to say that there are many and Ms. Holmes agrees that at least some of them were wrong and improperly made. The Court must answer this question: should the Court ignore the false and misleading assertions made in the pleading process or assess sanctions against Ms. Holmes? It should be noted that Ms. Holmes did not admit that the allegations were improper until the Government called her hand on it in the response. Additionally, this Court has no idea who Mr. Bates is. He has not appeared before this Court, and this Court has no jurisdiction over him. The pleadings were signed by Ms. Holmes and Rule 11 and the inherent powers of the Court give the Court wide latitude to impose sanctions for "bad faith, or willful abuse of the judicial process ." *Gonzalas v. Trinity Marine Group, Inc.,* 117 F.3d 894, 898 (5th Cir. 1997) (Quoting *Woodson v. Surgitek, Inc.,* 57 F. 3d 1406, 1417 (5th Cir. 1995)). Under its power the Court has discretion "to fashion an appropriate sanction for conduct which abuses the Judicial process." *Chambers vs. NASCO, Inc.,* 501 U.S. 32,44-45,111 S.Ct.2123,115 L.Ed.2d 27(1991).

Do apologies and explanations do any good if they don't occur until after the inappropriate pleadings are pointed out to the pleading party? If the Court accepts the apology of Ms. Holmes and does not impose sanctions, what message does that send? One cannot unring a

rung bell. Does an apology and an excuse relieve the attorney of improper pleadings? The answer has to be no, because if that were the case there would rarely be sanctions issued because there would almost always be an apology and a request to be excused each time someone's hand was found in the cookie jar.  Ms. Holmes has been sanctioned by this Court previously for the same conduct and the sanction was ineffective in bringing about change. She states that she did not read the pleadings but filed them for another attorney. The only attorney's name on the pleading is hers. She is the one who violated Rule 11. Mr. Bates is nowhere to be found in this Court. Here again, the integrity of the Judicial system mandates a sanction harsh enough to deter attorneys from making baseless allegations of prejudice whenever the Court makes an unfavorable ruling against their clients. The untrue and disturbing allegations made by Ms. Holmes in her pleading cannot be ignored. For the above reasons, this Court hereby sanctions Holmes in the amount of five thousand dollars ( $5000.00) to be paid within fifteen (15)  days of the date of this Order.

## **CONCLUSION**

For the reasons above stated the Court finds that Linda Bolton's Motion for a New Trial or in the Alternative Motion to Reduce Restitution [350] joined therein by Charles Bolton [352] is hereby OVERRULED.

The Court further orders that samctions in the amount of five thousand dollars ($5000.00) be imposed against attorney Mary Lee Holmes with said sum to be paid to the Clerk of this Court

within fifteen (15) days of the date of this Order.

SO ORDERED this the ____15th___ day of December, 2020.


          _____s/Keith Starrett_____
          UNITED STATES DISTRICT JUDGE